UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE 1, *et al*.,

                Plaintiffs,

      v.

ALONDRA GUZMAN,

                Defendant.

CASE NO. 2:25-cv-00431-RSL

ORDER DENYING DEFENDANT'S MOTION TO JOIN NECESSARY PARTIES, EXERCISE SUPPLEMENTAL JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS LITIGATION

This matter comes before the Court on "Defendant's Motion to Compel Plaintiffs to Join Necessary Parties and Exercise Supplemental Jurisdiction." Dkt. 22. Plaintiffs allege that defendant Guzman, an employee and agent of the "State of Washington, Department for Child, Youth, and Families," "deliberately, consciously, and/or recklessly conducted an investigation of child abuse and/or purposefully concealed exculpatory evidence in the legal removal process." Dkt. 7 at ¶¶ 1 and 4. Plaintiffs seek an award of damages for constitutional and statutory violations under 42 U.S.C. § 1983.

Defendant argues that the State of Washington, the Department of Social and Health Services, the Department of Child Protective Services, the Children's Administration, and the Department of Children, Youth, and Families are necessary parties under Fed. R. Civ. P. 19 and must be joined as defendants in this litigation. In addition, defendant requests that the Court exercise supplemental jurisdiction over state law claims

ORDER DENYING DEFENDANT'S MOTION TO JOIN
NECESSARY PARTIES, EXERCISE SUPPLEMENTAL
JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS
LITIGATION - 1

pending in *Doe 1 v. State of Washington*, No. 25-2-07431-5 (King County Sup. Ct.). Plaintiffs filed the state court lawsuit less than a week before filing this lawsuit and named the State of Washington and its agencies/departments as defendants.[1] In the alternative, defendant seeks a stay of this proceeding while the state court action is adjudicated.

**A. Mandatory Joinder**

Rule 19(a) states in relevant part:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Mirroring the language of Rule 19(a)(1)(A), defendant asserts that, in the absence of joinder, complete relief cannot be granted as between the existing parties. No support for this assertion is provided. In this litigation, plaintiffs seek to recover damages for violations of federal law from Ms. Guzman. Defendant does not identify any impediment to obtaining that relief. Rather, she argues that much of the evidence she will need to defend herself is in the possession of her former employer, the Department of Children,

---

[1] The Eleventh Amendment generally precludes an action against a state or its agencies in federal court. At the time the state court proceeding was filed, there was no indication that Congress had abrogated Washington's Eleventh Amendment immunity in this case or that Washington or its agencies had expressly waived their immunity from suit in federal court.

ORDER DENYING DEFENDANT'S MOTION TO JOIN
NECESSARY PARTIES, EXERCISE SUPPLEMENTAL
JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS
LITIGATION - 2

Youth, and Families. Evidence is often found outside of a party's possession or control, however, and can be obtained using the many discovery tools provided in the Federal Rules of Civil Procedure. Ms. Guzman also points out that she was acting as an agent of the Department of Children, Youth, and Families during the relevant period. That fact neither invalidates the claim against her or requires that the employer be named as a defendant in this case. Under Washington law, a principal and an agent are jointly and severally liable for damages arising from the agent's tortious conduct. *Finney v. Farmers Ins. Co.*, 92 Wn.2d 748, 754 (1979). The same rule generally applies in the employment context: "[a]n employee who tortiously causes injury to a third person may be held personally liable to that person regardless of whether he or she committed the tort while acting within the scope of employment." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 400 (2010) (quoting 27 Am. Jur. 2d Employment Relationship § 409 (2004)). While Ms. Guzman and/or her employer may have a claim for indemnification or contribution against the other if they are found liable to plaintiffs, complete relief as between the existing parties is available in this case.

Defendant also asserts that the rights of the defendants in both lawsuits will be compromised because they will have to litigate the same facts and events in two different jurisdictions, raising the potential of conflicting rulings and decisions. The two lawsuits are against different defendants and assert entirely different claims. There is no chance that Ms. Guzman will be subjected to a verdict in the state court proceeding and no chance that the State of Washington will be held liable here: thus, the risk of double recovery as the cases currently stand is zero. If, however, the undersigned were to order plaintiffs to add the State and its departments to this litigation as defendants, it would create duplicative litigation of the state law claims and the state defendants might then face double or inconsistent obligations.

ORDER DENYING DEFENDANT'S MOTION TO JOIN
NECESSARY PARTIES, EXERCISE SUPPLEMENTAL
JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS
LITIGATION - 3

There is no doubt that the two pending litigations arise out of a common nucleus of operative facts and that their pursuit in two different jurisdictions will likely be inefficient. These concerns do not justify compelled joinder, however, or stripping state law claims from a state court that indisputably has jurisdiction over them. If, as appears to be the case, Ms. Guzman would like to have the claims asserted against her resolved alongside the claims against the state defendants, she could attempt to negotiate an agreement with plaintiffs to add the § 1983 claim to the state court litigation (and waive any right to removal).

**B. Supplemental Jurisdiction**

Defendant cites 28 U.S.C. § 1367 as authority for forcing plaintiffs to pursue their state law claims against the state defendants in this litigation. Section 1367 allows a federal court to assert supplemental jurisdiction over state law claims joined with the federal claims if the state claims are "part of the same case or controversy" as the federal claims. Plaintiffs have not appended state law claims to her federal claim, however, instead opting to seek state law remedies in state court. Defendant offers no case law or authority suggesting that supplemental jurisdiction can be exercised over claims that are not before the federal court. Nor were plaintiffs required to assert all of their claims in a single lawsuit. Fed. R. Civ. P. 18(a) (authorizing, but not requiring, the joinder of claims).

Even if § 1367 could be interpreted to compel the joinder of claims so that supplemental jurisdiction was an option, the Court would decline to exercise that authority on comity grounds. The King County Superior Court has original jurisdiction over the state law claims asserted in *Doe 1 v. State of Washington*, No. 25-2-07431-5. To wrest those claims from plaintiffs' jurisdiction of choice would not only do violence to the rule that plaintiffs are the master of their own complaint and may decide on what law to rely (*The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021)), but would also interfere with our federal system in which

ORDER DENYING DEFENDANT'S MOTION TO JOIN
NECESSARY PARTIES, EXERCISE SUPPLEMENTAL
JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS
LITIGATION - 4

state courts are permitted to try state cases free of federal interference, thereby respecting state functions and legitimate judicial activities (*Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004)).

**C. Stay of Federal Proceeding**

Relying on a case in which pendent state law claims against the defendant were remanded to state court, Ms. Guzman argues that the Court should stay resolution of the § 1983 asserted against her until the state law claims against her former employer have been decided. This case is distinguishable, however. Ms. Guzman is not a defendant in the state court proceeding and the claims are entirely distinct (even though they arise out of the same nucleus of operative facts). Defendant's vague assertion that "the results of the King County Superior Court case may be informative" (Dkt. 22 at 9) is insufficient to justify a stay.

For all of the foregoing reasons, defendant's motion (Dkt. 22) is DENIED.

Dated this 3rd day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO JOIN
NECESSARY PARTIES, EXERCISE SUPPLEMENTAL
JURISDICTION, OR, IN THE ALTERNATIVE STAY THIS
LITIGATION - 5